Per Curiam.

It is sufficient that one of the plaintiffs resides within the reach of the process of the court; we can take no notice whether he is insolvent or not. And as to the assignment, the defendant has nothing to do with it. (1 H. Bl. 106. 2BLB1.27.)
Motion denied.(b)

(b) By the Revised Statutes of New York, when a suit shall be commenced in any court, 1. for a plaintiff not residing within the jurisdiction of such court, or for several plaintiffs, who are all non-resident: or, 2. for, or in the name of, the trustees of any debtor: or 3. for, or in the name of any person being insolvent, who shall have been discharged from his debts, or whose person shall have been exonerated from imprisonment pursuant to any law, for the *109 collection of any debt, contracted before tbe assignment of his estate: or 4. for, or in the name ef any person committed in execution for a crime: or 5. in the name of any infant, whose next friend has not given security for costs, the defendant may require such plaintiff, to file security for the payment of the costs that may be incurred by the defendant, in such suit or proceeding ; 2 Rev. Stat. 020, sec. 1 ; and if, after the' commencement of a suit, tbe plaintiff shall become a non-resident, or alltfie plaintiffs shall become non-resideni. or insolvent, and be discharged or exonerated as aforesaid, or be sentenced to the state prison for any term, less than for life, the defendant may require such security to be filed. Ibid. sec. 2. See Grab. Prae. 2d ed. 505, et seq. ; also 1 U. S. Digest, tit. Costs, VIII.